The opinion of the court was delivered by
Gibson, J.
The motion to quash was overruled, and the defendant had no alternative but to enter special bail or see his property sacrificed for what was in fact not due; for although he afterwards confessed judgment, it was for but a part of what was originally demanded. An appearance, thus extorted, is surely not an admission that the means employed were legal; and a creditor cannot compel payment, even of a just debt, by illegal means. A debtor whose person has been taken in execution, in violation of the act of assembly, which subjects property to execution in the first instance, might undoubtedly have his action after payment of the debt. Having acted on compulsion, the maxim, volenti non Jit injuria, would be inapplicable to him. The injury from an attachment may be not merely speculative. There are junctures in the affairs of every man, in which ruin would be the inevitable consequence .of having his property locked up. in the law; and it would be monstrous, in such a case, to require him either to be a passive spectator till' the consequences should be complete, or to relinquish all claim to indemnity for the past. Beside, he might, by this illegal means, be compelled to enter special bail, when he ought to be discharged on filing common.bail. But it cannot be doubted, that to attach the property of a debtor who is not within the purview of the attachment laws, is an abuse of the process of the court, for which an action lies; and, as we are of opinion that the appearance and confession of judgment were not a waiver of the injury in this particular instance, it follows that there is no error in the record.
Judgment affirmed.